IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD EDWARD LARUE JOHNSON JR.,

       Plaintiff,        Civ. No. 10-3126-CL

**ORDER**

   v.

MEDFORD POLICE DEPARTMENT, et al,

       Defendants.

**PANNER, J.**

    *Pro se* plaintiff seeks a temporary restraining order ("TRO") against, among others, every law enforcement agency in Oregon. The court previously denied plaintiff's request for a TRO. For similar reasons as stated in my November 20, 2010 order, plaintiff's request for a TRO is DENIED.

    Plaintiff states he has a fear of being attacked by being called a "nigger." In the complaint, plaintiff alleges defendants

1 - ORDER

racially profiled plaintiff from 1980-2000. Plaintiff also alleges that when a skinhead beat plaintiff, defendants did nothing. Finally, plaintiff alleges defendants did nothing after someone carved "nigger" in a tree where plaintiff lived.

The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The standards for issuing a TRO are similar to those required for a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

Without analyzing the merits of plaintiffs complaint, he has still not demonstrated a threat of future harm sufficient to grant a TRO against defendants. Although plaintiff states defendants previously attacked him by calling plaintiff a "nigger," he does not allege any future harm or threats. Additionally, based on the complaint, it appears defendants failed to act after others directed racial epithets towards

plaintiff. In the new motion, plaintiff alleges defendants racially profiled plaintiff and slander his character.

Considering plaintiffs allegations, any threat of future harm is too speculative to justify entering a TRO against defendants. See <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 375 (2008) (plaintiff seeking preliminary injunction must demonstrate that absent a preliminary injunction, irreparable injury is "likely" as opposed to a mere "possibility"). Plaintiff's motion for a temporary restraining order [#12] is DENIED.

IT IS SO ORDERED.

DATED this  27  day of December, 2010.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

2 - ORDER